Filed 4/18/23  P. v. Alatorre CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDGAR FERNANDO ALATORRE,<br><br>    Defendant and Appellant. | G061507<br><br>(Super. Ct. No. 20NF0719)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

This is the second opinion we have issued in this case. In the first, we affirmed appellant's convictions for aggravated assault and other crimes but reversed his sentence and remanded for resentencing pursuant to newly-amended Penal Code section 1170.[1] That section makes the middle term the presumptive sentence for a term of imprisonment and generally requires any aggravating factors used to support imposition of an upper term to be stipulated to by the defendant or found true beyond a reasonable doubt by the judge or jury. However, when the trial court resentenced appellant in this case, it imposed the upper term on a firearm enhancement based on an aggravating factor – injury to the victim – that was neither stipulated to nor found true beyond a reasonable doubt. Appellant contends this constitutes reversal error, but we cannot agree. Although the misstep violated the tenets of section 1170, the error was harmless because the record overwhelmingly and undisputedly shows appellant's firearm use caused injury to the victim, which is a legitimate aggravating factor for purposes of the firearm enhancement. We therefore affirm the judgment.

## FACTS

A complete recitation of the facts is set forth in our prior opinion. (See *People v. Alatorre* (Jan. 11, 2022, G059547) [nonpub. opn.] (*Alatorre I*).)[2] To summarize, appellant got into a heated argument with his former girlfriend Mia R. and her friend Kelsey S. when they went to appellant's residence to retrieve a television Mia had lent him. During the row, appellant struck Kelsey on her head with a handgun. On impact, the gun discharged a single bullet that grazed Kelsey just above the ear, leaving a two-inch gash. The wound was not life threatening but it did require stitches.

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

[2] We granted respondent's unopposed request to take judicial notice of the appellate record in that case.

2

Four days after the incident, the police executed a search warrant at appellant's residence. Among other things, they found a loaded semiautomatic handgun and four baggies of methamphetamine in his bedroom.

Following a jury trial, appellant was acquitted of attempted murder, but he was convicted of assaulting Kelsey with a semiautomatic firearm and found to have personally used a firearm during that offense. (§§ 245, subd. (b), 12022.5, subd. (a).) He was also convicted of three different possession offenses stemming from the warrant search. (§ 29800, subd. (a)(1); Health & Saf. Code, §§ 11370.1, 11378.) The trial court sentenced appellant to the upper term of nine years for the assault, plus the upper term of ten years for the firearm enhancement. In addition, the court imposed a combined term of four years and eight months on the remaining counts, but it stayed execution of a three-year term on one of those counts pursuant to section 654. Thus, the full length of appellant's prison sentence was 20 years and 8 months.

## FIRST APPEAL

We affirmed appellant's convictions but reversed his sentence due to the trial court's failure to apply section 654 more broadly to include not just one, but two of the offenses arising from the warrant search. (*Alatorre I, supra*, G059547, at pp. 16-19.) In remanding the matter for full resentencing, we ordered the trial court to apply the current version of section 1170, which was amended during appellant's appeal. (*Id.*, as modified by Feb. 3, 2022 order denying petn. for rehg.) As noted at the outset, that section generally bars an upper term sentence unless the factors used to support it have been stipulated to by the defendant or found true beyond a reasonable doubt by the judge or jury. (§ 1170, subds. (b)(1)-(3).)

## RESENTENCING

At the resentencing hearing, the trial court imposed the middle term of six years on the assault count, a three-year reduction from its original sentence. But the court reimposed the upper term of 10 years for the firearm enhancement. After applying

3

section 654, it then added one year on the remaining counts, bringing appellant's aggregate sentence to 17 years in prison.

In formulating its sentencing decision, the court analyzed all of the aggravating and mitigating factors that were potentially applicable to appellant's sentence. (See Cal. Rules of Court, rules 4.421 & 4.423.) The court also allowed appellant to make a statement on his own behalf. The court accepted appellant's representations that he was a hardworking father before he started using drugs and that he was trying to turn his life around in prison. But the court was skeptical of appellant's claim that he did not intentionally discharge his gun in assaulting Kelsey.

Irrespective of that issue, the court determined appellant deserved the upper term on the firearm enhancement because his gun use caused Kelsey's injury, "as illustrated by the exhibit and testimony received at trial." That was a reference to a photographic exhibit showing Kelsey's headwound and appellant's admission about striking her in the head with his gun. While acknowledging appellant was acquitted of attempted murder, the court was concerned "this was an extremely dangerous situation which easily could have resulted in the death of another[.]"

DISCUSSION

Appellant asserts the trial court prejudicially erred in relying on Kelsey's head injury to impose the upper term on the firearm enhancement because the jury made no findings as to whether the injury was actually attributable to his gun use. The Attorney General concedes the jury was never called upon to decide the precise cause of Kelsey's headwound, but he contends that is immaterial because the uncontroverted evidence proved it was from appellant's gun use, which is why he was deserving of aggravated punishment. Respondent has the better argument.

Effective January 1, 2022, section 1170 provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle

4

term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3).) The statute is designed to ensure a defendant is not subjected to enhanced punishment for aggravating factors he neither personally admitted nor were found true beyond a reasonable doubt by a trier of fact. (See *Cunningham v. California* (2007) 549 U.S. 270, 274-275 [examining the constitutional ramifications of increasing a defendant's sentence beyond the statutorily prescribed term based on factors that are not admitted or proven beyond a reasonable doubt].)

As a preliminary matter, we note appellant never objected to the trial court's consideration of Kelsey's headwound as an aggravating factor on the firearm enhancement. Because appellant did not challenge the basis for the trial court's decision to impose the upper term on the enhancement, he forfeited his right to challenge that term on appeal. (*People v. Anderson* (2023) 88 Cal.App.5th 233, 242; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683, review granted Oct. 12, 2022, S276237.)

However, we need not hang our hat on the forfeiture rule because, as appellant admits, a trial court's reliance on an improper aggravating factor to impose an upper term is subject to harmless error analysis. (*People v. Sandoval* (2007) 41 Cal.4th 825.) Although a variety of standards have been used to assess harmless error in this context (see *People v. Dunn* (2022) 81 Cal.App.5th 394, review granted Oct 12, 2022, S275655), it is universally accepted that an upper term sentence will be upheld on appeal if the reviewing court is convinced beyond a reasonable doubt the jury would have found every improper factor on which the trial court relied to be true beyond a reasonable doubt. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 465-467.) In other words, if the evidence of the improper factors is so overwhelming as to be beyond dispute, then it doesn't matter if the defendant did not admit them, or the jury did not find them to be true. (*Ibid.*)

At appellant's resentencing hearing, the trial court alluded to a variety of aggravating factors. For example, in denying appellant probation, the trial found it significant appellant had previously suffered several gun-related convictions. And, at another point in the hearing, the court suggested appellant may have targeted Kelsey due to her sexual orientation. But when it came to sentencing appellant on the section 12022.5 firearm enhancement, the court cited a single factor in aggravation: Appellant's firearm use caused Kelsey's injury. The court did not cite any other aggravating factors – or any mitigating factors – in connection with appellant's use of his gun.

Under section 12022.5, a defendant is subject to enhanced punishment if he "personally uses a firearm in the commission of a felony[.]" For purposes of the statute, the word "uses" is broadly defined to include brandishing, hitting someone with, or discharging a firearm. (*In re Tameka C.* (2000) 22 Cal.4th 190, 197.) Since the enhancement can be triggered by mere brandishing, neither physical injury to the victim nor the intent to harm is required. (*Id*. at pp. 198-199.) Therefore, if the defendant's conduct goes beyond brandishing and results in physical injury to the victim, it may be considered aggravated for purposes of imposing the upper term on the enhancement. (*People v. Brown* (2000) 83 Cal.App.4th 1037, 1043-1044; *People v. Douglas* (1995) 36 Cal.App.4th 1681, 1691-1692.)

Appellant's conduct went far beyond brandishing. By his own admission, he struck Kelsey with his gun while he was arguing with her and Mia at his residence. The evidence also undisputedly established the gun discharged around that point. After that, Kelsey became frightened because blood was *pouring down her neck* from a two-inch gash on the side of her head. She said she had a hard time stopping the bleeding until the wound was treated later on at the hospital. This evidence firmly established a causal connection between appellant's gun use and Kelsey's injury. And in closing argument, even defense counsel admitted Kelsey's head wound was attributable to appellant's use of the gun.

On this record, we are convinced beyond a reasonable doubt that had the question been put to them, the jurors, using that same standard, would have found appellant's firearm use went beyond mere brandishing and resulted in physical injury to Kelsey.  Indeed, there is no "'"'evidence that could rationally lead to a contrary finding." [Citation.]'  [Citation.]" (*People v. Lopez, supra*, 78 Cal.App.5th at p. 465.)  That being the case, the trial court's reliance on Kelsey's head injury to impose the upper term on the firearm use enhancement is not cause for reversal.  (*People v. Myles* (2012) 53 Cal.4th 1181, 1222 [upholding upper term sentence on firearm enhancement based on the strength of the state's evidence and counsels' arguments regarding the pertinent aggravating factors, even though those factors were neither stipulated to nor found true beyond a reasonable doubt].)

DISPOSITION

The judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

7